UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

LENA MARIE HALL-GREGG, fka LENA
MARIE GOULD,

    Debtor.

_____/

Case No. DK 17-00865
Chapter 7
Hon. Scott W. Dales

MEMORANDUM OF DECISION & ORDER

PRESENT:  HONORABLE SCOTT W. DALES
       Chief United States Bankruptcy Judge

Complaining of two post-petition garnishments, chapter 7 debtor Lena Marie Hall-Gregg (the "Debtor") filed a Motion to Enforce Automatic Stay and for Sanctions (the "Motion," ECF No. 9), against Kalsee Credit Union (the "Credit Union"), using the negative-notice procedure described in LBR 9013(c).  When the objection period expired without a response from the Credit Union, Debtor's counsel filed an affidavit of no objection, and proposed order.

As part of its due diligence, the court reviewed the certificate of service (the "COS," ECF No. 10-1) with respect to the Motion, and is not satisfied that service is appropriate under Rule 7004. *See* Fed. R. Bankr. P. 9014(b) (requiring service in contested matters in accordance with Rule 7004).  More specifically, the COS provides that Debtor's counsel "served Debtor's Motion to Enforce Automatic Stay and for Sanctions on Kalsee Credit Union via First Class Mail at PO Box 3006, Kalamazoo, MI 49003-3006."

The Credit Union, however, is an "insured depository institution," as defined in 11 U.S.C. § 101(35)(B). This definition applies in Rule 7004(h). *See* Fed. R. Bankr. P. 9001(a) ("The definitions of words and phrases in §§ 101, 902, 1101, and 1502 of the Code, and the rules of

construction in §102, govern their use in" the Bankruptcy Rules.).  Rule 7004(h) imposes special requirements for serving insured depositories by mail.  *See* Fed. R. Bankr. P. 7004(h) (service on insured depository institution shall be made by certified mail addressed to an officer); *cf. Rodgers v. CitiBank SD, N.A. (In re Cass),* slip op. Adv. No. 13-80291 (Bankr. W.D. Mich. April 2, 2014) (observing that "the precision of naming a particular officer or agent is a small price to pay for the convenience of effecting service by mail" under Rule 7004(b)(3)).  Even if the Credit Union were not an insured depository institution, it is a "corporation" under § 101(9), yet the COS fails to satisfy the requirements for serving such an entity under Rule 7004(b)(3).

Because the court is not satisfied that service is proper, it will deny the Motion, without prejudice.   The Debtor may re-serve the Motion in accordance with the court's rules.


NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 9) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Lena Marie Hall-Gregg, Jennifer June Roach, Esq., Thomas C. Richardson, Esq., chapter 7 trustee, and Kalsee Credit Union.


END OF ORDER


**IT IS SO ORDERED.**

**Dated May 6, 2017**



_____
Scott W. Dales
United States Bankruptcy Judge